IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ANTHONY DYBA,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Anthony Dyba, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Anthony Dyba, is a natural person and citizen of the State of Colorado, who resides in Evergreen, with a current mailing address of 30320 Beaver Creek Lane, Evergreen, Colorado 80439.

2. Defendant, the Hartford Life and Accident Insurance Company ("Hartford") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of group disability insurance claims. The Defendant's registered agent for service of process is the Colorado Division of Insurance, 1560 Broadway, Suite 110, Denver, Colorado 80202.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured an employee benefit plan which provides long-term disability ("LTD") and other insurance benefits to employees of Boston Scientific Corporation ("BSC"). Upon information and belief, the Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.*, ("ERISA"). Upon further information and belief, the Plan has delegated to Defendant Hartford its obligation to make all benefit decisions at issue in this claim, and Defendant also acts as the Plan's insurer.

4. At all pertinent times, Plaintiff was a full-time employee of BSC and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the policy issued by Defendant to BSC.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA Plan/policy, pursuant to 29 U.S.C. §1132.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## **STATEMENT OF THE FACTS**

8. At all pertinent times, Plaintiff was employed by BSC as a Regional Sales Manager, which is a position that required extensive traveling and is a cognitively demanding job. The position therefore requires both the strenuous physical activity because of frequent travel, and constant mental activity.

9. Approximately two years ago, Plaintiff was diagnosed with terminal (Stage 4) small non-cell lung cancer (Stage 4 non-small adenocarcinoma of the lung).

10. Eventually, Plaintiff was unable to continue working on a regular and full-time basis due to multiple health issues including but by no means limited to his lung cancer, depression and because of the side effects of his necessary and ongoing treatments.

11. Plaintiff's symptoms include, but are by no means limited to, chronic fatigue, decreased focus, dizziness, lack of concentration and similar issues.

12. These issues prohibit Plaintiff from continuing to perform the requirements of his job at BSC (or any other occupation) on a regular, full-time and consistent basis, as of August, 2019.

13. Plaintiff's position requires the ability to work on a full-time basis, including but not limited to the ability to perform the tasks referred to above on a consistent basis

14. As the aforementioned conditions prevented him from working on a full-time and regular basis, and from otherwise performing the other material requirements of his own and/or other reasonable occupation, Plaintiff applied to his employer for short-term disability benefits, which were approved, and paid in full.

15. Thereafter, in or around late 2019, Plaintiff applied for LTD benefits with the effective disability date of August 23, 2019.

16. Around this same time, Plaintiff applied for Social Security Disability Insurance benefits which were approved.

17. The Plan provides for LTD if, due to sickness or injury, the employee is disabled from his own occupation during the Plan's own occupation period of 24 months (and thereafter if disabled from any gainful occupation).

18. At all pertinent times Plaintiff:

    a. Suffered from a sickness/illness;

    b. Was unable to perform the essential duties of his own occupation (or any other reasonable occupation) due to said sickness; and

    c. Was, and is, unable to perform the essential functions of his own occupation, and/or any other occupation for which he is qualified, which would qualify as a gainful occupation under the Plan.

19. On or about February 24, 2020, Defendant denied Plaintiff's claim for LTD benefits.

20. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical documentation and other information in support of his claim, including additional letters of support and/or medical records from his treating physician and/or others.

21. Plaintiff also included additional information with his appeals, including medical records demonstrating the nature and extent of his ongoing disability and including supporting records.

22. Defendant refused to alter its position and issued its final denial of Plaintiff's claim on or about August 31, 2020.

23. Defendant's determination is against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

24. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents him from engaging in his own or any other general occupation.

25. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

26. Defendant, in evaluating Plaintiff's claim, has misapplied the provisions of the Plan, including by requiring information not required to establish eligibility for LTD benefits.

27. While Plaintiff's claim was pending, he was awarded (and continues to receive) Social Security Disability Insurance benefits due to his medical conditions, including his terminal Stage 4 cancer.

28. Defendant failed to reasonably account for the award of SSDI benefits.

29. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

30. Plaintiff has been damaged by Defendant's wrongful conduct, including that he has lost needed LTD benefits.

## CLAIM FOR RELIEF:
## VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
## PLAINTIFF V. DEFENDANT

31  At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

32. At all pertinent times, Defendant was a claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

33. Defendant was otherwise delegated the authority to administer claims for LTD benefits by the Plan.

34. At all pertinent times, Plaintiff met the criteria for LTD under the Plan including that he was unable to perform the functions of his own and/or any other gainful occupation and provided reasonable documentation (medical or otherwise) of that fact.

35. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

36. Defendant's wrongful conduct includes, but is not limited to:

    A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

    B. Failing to provide an adequate review and appeal;

  C. Failing to act in Plaintiff's best interests;

  D. Failing to consider credible evidence of functional impairments;

  E. Failing to consider Plaintiff's prior medical history;

  F. Failing to reasonably interpret and apply the terms of the Plan;

  G. Failing to conduct a reasonable investigation;

  H. Failing to properly account for Plaintiff's award of SSDI; and/or

  I. Otherwise failing to reasonably and properly interpret and implement all Plan provisions.

37. As a matter of law, Defendant has an inherent conflict of interest in this matter as claims administrator and guarantor.

38. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits.

## **DAMAGES**

39. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant Hartford and/or the Plan as follows:

  A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

  B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct;

  C. Retroactive reinstatement LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claim for future LTD disability benefits.

  D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

  E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1); and

  F. Such other and further relief as this Court deems just and appropriate.

Dated this 4th day of September, 2020.

            SILVERN & BULGER, P.C.

            *s/Thomas A. Bulger, Esq.*

            _____
            Thomas A. Bulger, Esq.
            Counsel for Plaintiff
            4800 Wadsworth Boulevard, Suite 307
            Wheat Ridge, Colorado   80033
            (3030 292-0044
            Facsimile (303) 292-1466
            Email: counsel@silvernbulger.com

**Plaintiff's address:**

30320 Beaver Creek Lane
Evergreen, Colorado 80439